## 11313

### STATE v. JACKSON

#### (119 S. E.. 576)

INTOXICATING LIQUORS—EVIDENCE OF MANUFACTURING, HELD TO AU-
THORIZE SUBMISSION OF CASE TO JURY.—Positive and circumstantial
evidence tending to prove that defendant manufactured intoxicating
liquor *held* to warrant submitting the case to the jury.

Before RICE, J., Laurens, November, 1922. Affirmed.

Ben Jackson indicted for manufacturing liquor and upon
conviction appeals.

*Mr. F. P. McGowan,* for appellant, cites: *Liquor must
contain more than one per cent alcohol:* 109 S. C., 415.

*Mr. H. S. Blackwell,* for respondent. Oral argument.

October 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

"The defendant was tried at the September term of the
Court of General Sessions for Laurens County under an
indictment which charged that the defendant, on or about
December 15, 1921, did manufacture liquor containing more
than 1 per cent alcohol, and which, if drunk to excess, would
produce intoxication. At the close of the testimony for the
State the defendant moved the Court for direction of a ver-
dict for the defendant on the ground that the testimony was
not sufficient to warrant a verdict for the State, and that
no reasonable jury could find a verdict of guilty beyond a
reasonable doubt. The Court refused the motion, which
was renewed on the same grounds, which was likewise re-
fused. After the introduction of all the testimony and
arguments of counsel and charge of the presiding Judge,
the jury rendered a verdict of gulity; whereupon the de-
fendant made a motion for a new trial, which was refused,
and the defendant was sentenced to serve upon the chain
gang for a period of eight months."

Appellant by exceptions, three in number, alleges error on the part of his Honor in not directing a verdict as asked for by the defendant, and alleges error in charging on the facts. The exceptions must be overruled. The State made out such a case by positive and circumstantial evidence as warranted his Honor in submitting to the jury for their determination the guilt or innocence of the accused.

The defendant says a strange negro came along, and he gave him some gas, and he told him if he would make some mash he would come back and make him some liquor. He said, " 'You get some sugar and meal and put it in a tub with some water'—told me how—'and I will come back Christmas and make you some whiskey.' I said, 'You can't make it here; you will have to carry it off.' He said, 'I will.' " Later on defendant said the mash was in the tub, "Two weeks is as near as I can come at it before policeman came." Judge Rice's charge was free from error, and he did not charge on facts in violation of Article 5, § 6, of the State Constitution of 1895.

All exceptions are overruled, and judgment affirmed.